IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FAIRWAY INDEPENDENT MORTGAGE
CORP.,                                              )
                                                    )
                                                    )   No. CaseNumber
                   Applicant,                       )
                                                    )
                                                    )
         v.                                         )
                                                    )
CAROL DEFAZIO,                                      )
                                                    )
                   Respondent.

**APPLICATION AND/OR MOTION TO
CONFIRM AWARD OF ARBITRATOR**

Applicant Fairway Independent Mortgage Corp. ("Fairway"), by and through its attorney,

applies for and/or moves this Court to enter and Order pursuant to 9 U.S.C. § 9 and 13, confirming

the Final Award[1] in the matter of the arbitration between Applicant and Respondent Carol Defazio

("Respondent"), entered on May 20, 2026 awarding in favor of Applicant and against Respondent

in the amount of $115,000.00. In support thereof Applicant affirmatively states as follows:

1.      Fairway is a business entity with its headquarters in Madison, Wisconsin.

2.      Carol Defazio is a natural person at relevant times residing in Gibsonia,

Pennsylvania.

3.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §

1331, and 9 U.S.C. § 9.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts giving rise

to Respondent resides in this district, as Claimant transacts business in this district, and as

---

[1]     Attached as Exhibit A, Final Award.

the Award of Arbitrator was made in this district.

5.    Applicant alleges Respondent entered into a Sign-On Bonus Agreement which is paid the first regularly schedule pay period of employment. The Agreement in pertinent part states that the Sign-On Bonus must be repaid if employment concludes within twenty-four months of employment. *See* Sign-On Bonus Agreement attached as Exhibit B. Respondent voluntarily resigned approximately three and a half months after commencement of employment triggering the repayment of the Sign-On Bonus. Respondent failed to repay the Sign-On Bonus.

6.    The Demand for Arbitration was submitted to JAMS where it was designated as matter No. 5450001246.

7.    On May 15, 2026 the Arbitrator, Judge Thomas J. Rueter (retired) received an email from Fairway's counsel advising the parties had stipulated to a Final Award.

8.    The Final Award is based on the following:

a.    Carol Defazio entered into a Sign-On Bonus Agreement (the "Agreement") with Fairway Independent Mortgage Company on 1/25/2025 which states in pertinent part that Ms. Defazio will receive a sign-on bonus in the amount of $115,000.00 ("Bonus") payable the first regularly scheduled pay period of employment.

b.    The Agreement provides that Ms. Defazio must repay the [B]onus if her employment concludes within twenty-four months of employment.

c.    Ms. Defazio commenced employment on 2/3/2025 and received the Bonus in the amount of $115,000.00.

d.    Ms. Defazio voluntarily resigned on 5/21/2025, thereby triggering the repayment provision of the Agreement.

e.    Fairway sent a letter to Ms. Defazio on 5/21/2025 notifying her of her obligation to repay within thirty days.

f.    Ms. Defazio responded via email that same day and stated she would send $50,000.

2

g.  Fairway responded and asked if Ms. Defazio would like to set up a repayment schedule [for] the repayment of the Bonus.

h.  Ms. Defazio never responded to this or any other communications from Fairway and never repaid the Bonus.

i.  The parties agree that a judgment should be entered in the amount of $115,000.00 in favor of Fairway.

j.  The parties will enter into an installment payment plan after the judgment is entered.

k.  Ms. Defazio understands and agrees that if she defaults on the payments, Fairway will move to enforce the judgment.

9.  The Federal Arbitration Act ("FAA") states, in relevant part, that "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration ... then such application may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9.

10.  The terms of the Arbitration Agreement designates that "[j]udgment upon the arbitrator's award may be entered in any court of competent jurisdiction." See Exhibit C at 2.

WHEREFORE, Applicants respectfully request that:

11.  The Court enter an Order confirming the Award of Arbitrator;

12.  Enter final judgment in favor of Fairway Independent Mortgage Corp .and against Carol Defazio in the amount of $115,000.00;

13.  Grant Applicant's costs incurred for filing this application; and any other relief that this Honorable Court deems just and appropriate.

3

Dated: June 26, 2026

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/*Terri Imbarlina Patak*
Terri Imbarlina Patak

One PPG Place, Suite 1900
Pittsburgh, PA 15222
Telephone:  412-394-3333
Fax:  412-232-1799
terri.patak@ogletree.com

*Attorneys for Applicant*
*Fairway Independent Mortgage Corp.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that this 26th day of June 2026, the foregoing Application and/or Motion to Confirm Award was filed through the ECF system and was sent via First Class Mail to *pro se* Respondent at the following address:

Carol DeFazio
421 Vineyard Drive
Gibsonia, PA 15044

*Pro Se Respondent*

/s/ *Terri Imbarlina Patak* _____
Terri Imbarlina Patak